IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAPATUMOE`ESE MALUIA | ) | CIV. NO. 11-00735 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | TRANSFER ORDER |
| vs. | ) | |
| | ) | |
| CORRECTIONS CORP. OF | ) | |
| AMERICA, INC., DAREN | ) | |
| SWENSON, TODD THOMAS, BEN | ) | |
| GRIEGO, STEVE WILLIAMSON, | ) | |
| TRIPLETT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **TRANSFER ORDER**

Plaintiff is a Hawaii state prisoner incarcerated at the Saguaro

Correctional Center ("SCC"), in Eloy, Arizona.[1]  On December 7, 2011,

Defendants Corrections Corporation of America ("CCA"), CCA Regional Director

of Operations Daren Swenson, SCC Warden Todd Thomas, SCC Assistant Warden

Ben Griego, SCC Investigator Steve Williamson, and SCC Mailroom staff

employee Triplett timely removed this action from the Circuit Court of the First

Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1441(b).  *See* ECF #1.  Before the

court is Defendants' Motion to Change Venue, ECF #5.  In the interests of justice

---

[1] The Hawaii Department of Public Safety ("DPS") contracts for correctional services with Corrections Corporation of America, which operates SCC.

and for the convenience of the parties and witnesses this action is

TRANSFERRED to the United States District Court for the District of Arizona

pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

Plaintiff commenced this action in the state court on November 21,

2011.  *See* ECF #1, Ex. A, Compl.  Plaintiff alleges that Defendants violated the

First and Fourteenth Amendment to the United States Constitution and the Hawaii

and Arizona state constitutions, when they barred him from receiving mail that

contained certain publications and newspaper articles that had been downloaded

from the internet.

Defendants timely removed this action from the state court on

December 7, 2011, and thereafter moved to change venue.  *See* ECF #1 & #5.

Defendants argue that, for the convenience of the parties and witnesses, and in the

interests of justice, venue is more properly laid in Arizona.

On January 3, 2012, Plaintiff filed a document titled "Statement of No

Opposition Pursuant to Local Rule 7.4," in response to Defendants' Motion.  ECF

#9.  Plaintiff does not address Defendants' arguments in favor of changing venue

of this action to the District of Arizona, however, or oppose the Motion.  Rather,

Plaintiff states that Defendants consented to removal of his Complaint to the

federal court, and he therefore agrees to litigate this action in the District of Hawaii.

## II.  LEGAL STANDARDS

The removal statute, rather than the general venue statute, governs venue in cases removed from state court.  *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953).  Venue of a properly removed action is in the "district of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Section 1404(a) provides, however, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, although removal constitutes a waiver of any venue objection, after removal the parties are free to move to transfer the action to a different division "[f]or the convenience of the parties and the witnesses."  28 U.S.C. § 1404(a).

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (quotation marks omitted).  To transfer a case, a defendant must first show that the

transferee court is one in which the action could have been commenced originally.

Second, defendant must show that transfer would result in greater convenience to

the parties and witnesses, as well as advance the interest of justice.  28 U.S.C.

§ 1404(a).

### III.  DISCUSSION

Plaintiff alleges violations of the First and Fourteenth Amendments to

the United States Constitution, as well as a violations of the Hawaii and Arizona

state constitutions.  Venue was therefore proper in this court when it was removed

from the Hawaii state court.  *See* 28 U.S.C. § 1441.

### A.      28 U.S.C. § 1404(a) Factors

To determine whether to transfer a case pursuant to § 1404(a), the

court must weigh several public and private factors, including: (1) the plaintiff's

choice of forum; (2) the location where the relevant agreements were negotiated

and executed; (3) the respective parties' contacts with the forum; (4) the contacts

relating to the plaintiff's cause of action in the chosen forum; (5) the differences in

the costs of litigation in the two forums; (6) the availability of compulsory process

to compel attendance of unwilling non-party witnesses; (7) the ease of access to

sources of proof; and (8) the state that is most familiar with the governing law.

*Jones*, 211 F.3d at 498-99; *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D.

4

Cal. 2001).  "Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action."  *Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006) (citation omitted).

**B.    Analysis**

Section 1404(a)'s factors favor transfer here.  First, although there is a strong presumption in favor of a plaintiff's choice of forum, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995), when a plaintiff does not reside in the forum, that preference is given considerably less weight.  *See* Schwarzer et al., *Fed. Civ. P. Before Trial* § 4:761 (2008) (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos.*, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that deference to plaintiff's choice of forum is diminished where plaintiff does not reside in chosen forum and none of the events alleged in the complaint occurred there).  Plaintiff is incarcerated in Arizona.  Defendants do not live in or appear to have significant contacts with Hawaii.  CCA is incorporated in Tennessee and operates SCC in Arizona.  Thomas, Griego, Williamson, and Triplett are all employed at SCC in Arizona and apparently reside there.  This factor favors transfer to Arizona.

Second, Plaintiff does not allege a breach of contract claim or name

the State of Hawaii as a defendant.  Therefore the location of the contractual

agreement between CCA and the State of Hawaii to house and incarcerate Hawaii

prisoners in Arizona does not affect this determination.  Even if Plaintiff *had*

alleged a breach of contract claim and had standing to enforce it, which is doubtful,

venue inquiries in contract claims are determined by the "place of intended

performance rather than the place of repudiation."  *Decker Coal Co. v.*

*Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (citations omitted).

The place of intended performance of the contract between CCA and the State of

Hawaii is Arizona, not Hawaii.  This factor is neutral.

Third, the sources of evidence supporting Plaintiff's claims, such as

SCC and CCA institutional and employee records, and Plaintiff's institutional

records, including Plaintiff's mail records from SCC, are located in Arizona.

Moreover, this court lacks subpoena power over any SCC employees and inmates

who live in Arizona and may be unwilling to be called as witnesses.  This factor

favors transfer to Arizona.

Fourth, the events giving rise to Plaintiff's claims indisputably

occurred in Arizona, not Hawaii.  Plaintiff complains that SCC employees in

Arizona, under the direction or supervision of Defendants, engaged in illegal

conduct resulting in the violation of his constitutional rights.  There are *no*

6

significant contacts between Plaintiff's cause of action and Hawaii, other than

Plaintiff's status as a Hawaii inmate and his filing of the complaint in Hawaii

rather than Arizona.

Because Plaintiff raises both Arizona and Hawaii state law claims,

there is no basis for finding that Hawaii is the more proper venue than Arizona.  If

Plaintiff is concerned that he will lose his Hawaii state law claims and be forced to

amend his Complaint to conform to Arizona state law if this action is transferred to

Arizona, he is mistaken.  That consideration did not prevent him from raising

Arizona state law claims in the Hawaii courts.  Further, when a district court

exercises supplemental jurisdiction over state law claims, it applies the

choice-of-law rules of the forum state.  *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080

(9th Cir. 2009).  After a transfer pursuant to § 1404(a), however, "the transferee

district court generally must apply the state law that the transferor district court

would have applied had the case not been transferred."  *Shannon-Vail Five Inc. v.*

*Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001); *see also Van Dusen v. Barrack*, 376

U.S. 612, 639 (1964) ("[A] change of venue under § 1404(a) generally should be,

with respect to state law, but a change of courtrooms.").  Because this case will be

transferred from the District of Hawaii pursuant to § 1404(a), Hawaii law should

guide the Arizona court's choice-of-law analysis.[2]  Plaintiff will neither lose his state law causes of action nor be forced to amend his Complaint as a consequence of the transfer of this action.  This factor is neutral.

Fifth, the costs of litigation strongly favor transferring this action to the District of Arizona.  If this case proceeds to trial, the State of Hawaii would be forced to bear the expense of transporting Plaintiff to Hawaii, with the attendant correctional costs for his supervision during the transfer and while he is in Hawaii.  At the conclusion of trial, the State will be required to bear the expense of transferring Plaintiff back to Arizona.  Defendants' costs to defend this suit in Hawaii will also be significant, including transportation to and lodging in Hawaii for Defendant CCA officials and SCC employees, as well as the lost wages for SCC and CCA employees incurred traveling to, from, and during trial.  Defendants paid the federal filing fee when this action was removed and any other trial costs incurred by Plaintiff will be the same in either district court.  This factor strongly

---

[2] While this court makes no determination over the choice of law to be applied once this action is transferred, under Hawaii's choice-of-law rules, the court looks "to the state with the most significant relationship to the parties and subject matter."  *Roxas v. Marcos*, 89 Haw. 91, 117 n.16, 969 P.2d 1209, 1235 (1998).  The court should consider: (1) where relevant events occurred, (2) the residence of the parties, and (3) whether any of the parties had any particular ties to one jurisdiction or the other.  *See id.*  The court also looks to the Restatement (Second) of Conflicts of Laws, which provides that tort liability is determined by "the local law of the state where the injury occurred," unless another state has a more significant relationship.  Restatement (Second) of Conflict of Laws § 146 (1971); *see UARCO Inc. v. Lam*, 18 F. Supp. 2d 1116, 1123 (D. Haw. 1998).

favors transfer of this action to Arizona.

The remaining factors are either neutral or favor transfer. With respect to the familiarity with Plaintiff's claims and relative court congestion, there is no evidence before the court that this district is more favorable than the District of Arizona for resolution of these claims.  To the contrary, if either court has a stronger interest in the controversy, it is the District of Arizona, which is the site of several prisons owned and operated by CCA.  While the law applied may be the same in either district, the events giving rise to Plaintiff's claims took place in Arizona.  Thus, Arizona's local interest in the controversy is stronger than this district's, because the events at issue took place there.

Because deference to Plaintiff's choice of forum is limited by the fact that he resides in Arizona, and because it would be substantially more convenient for the witnesses and both parties, transfer of venue to the District of Arizona would serve the convenience of the parties and witnesses and would promote the interests of justice.

## IV.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff to the

9

United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 6, 2012



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Maluia v. Corr. Corp. of Am., et al.*, Civ. No. 11-00735 SOM/BMK; Transfer Order; psas/trsfr or venue/dmp/2012/ Maluia 11-735 som-bmk